# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| In Re:<br><br>WC CULEBRA CROSSING SA, LP<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10360 (TMD) |

## MOTION FOR CIVIL CONTEMPT AND ATTORNEYS' FEES

Timber Culebra, LLC ("Lender"), by and through its undersigned counsel, hereby files this *Motion for Civil Contempt and Attorneys' Fees* (this "Motion"), and respectfully represents as follows:

### I. BACKGROUND

1. On May 7, the Lender served its *Notice of Intent to Request Rule 2004 Document Production from WC Culebra Crossing SA, LP* (the "2004 Requests") on the Debtor, by and through its counsel of record, Mark H. Ralston, via e-mail. A true and correct copy of the 2004 Requests and the e-mail transmitting the requests is attached hereto as **Exhibit 1**. On May 14, counsel for the Debtor and the Lender conferred regarding the 2004 Requests. On May 17, counsel for the Lender sent counsel for the Debtor a summary of the compromised terms of production for client approval, which included an agreed "production date of June 4." *See* **Exhibit 2**, May 17 Email from Jason Cohen.

2. When Debtor failed to respond to the 2004 Requests or produce documents, Lender filed a *Motion to Compel Rule 2004 Document Production* [Dkt. 13] (the "Motion to Compel"). The Court granted the Motion to Compel on June 11, 2021, requiring the Debtor to serve its

#8114176

responses on or before June 22, 2021 and pay Lender's reasonable expenses incurred in making and arguing the Motion to Compel. *See* Dkt. 22 (the "Order Compelling Production").

3. Debtor produced a number of responsive documents in accordance with the Order Compelling Production. However, the Debtor's document production did not include the following responsive documents:

(a) Wells Fargo bank statements [RFP 8, 9];

(b) Bank of America bank statements [RFP 8, 9];

(c) Rent roll [RFP 17, US Trustee Requests from the 341 Meeting];

(d) Lease statements [RFP 17, 18, 43];

(e) Cash flow statement [RFP 42];

(f) The attachments to all emails [Various RFPs requesting Communications];

(g) The General Partner's LLC operating agreement [US Trustee Requests from the 341 Meeting];

(h) The insurance policies from 2021 and 2020 [RFP 27];

(i) Lease agreements for Bogarts, Magic Bingo, and the San Antonio Councilwoman [RFP 33];

(j) Tax returns [RFP 19];

(k) 2019 K1 [RFP 19];

(l) Evidence of the extension granted for 2020 taxes [RFP 19];

(m) Proof of closure of prepetition bank accounts [RFP 8, 9];

(n) A current list of equity security holders [RFP 7];

(o) Details of insider payments, including invoices for payments to the General Partner of the Debtor listed on the Schedules [RFP 24];

(p) Post-Petition Invoices [RFP 31]; and

(q) The Loan Agreement between Debtor and CC2 TX, LLC [RFP 15, 21, 22].

4. The Lender first alerted Debtor to certain deficiencies in its production on July 13, 2021. *See* **Exhibit 3**, July 13, 2021 E-mail from C. Ellis ("I am told that your client did not produce the rent roll (RFP 17), the lease statements (RFP 17, RFP 43), or the Wells Fargo bank statements (RFP 8), so my client has no easy way of knowing which tenants typically pay in cash or what amount it should be expecting from each tenant."). The Debtor did not produce any documents responsive to this request.

5. Then, on August 3, 2021, the Lender requested a copy of the Loan Agreement between the Debtor and CC2 TX, LLC. *See* **Exhibit 4**, August 3, 2021 E-mail from C. Ellis ("Can you provide us with a copy of the loan agreement between the Debtor and CC2 TX LLC?"). The Debtor did not produce any documents responsive to this request.

6. On August 12, 2021, Lender sent Debtor a request for all of the above-referenced documents in paragraph 4. *See* **Exhibit 5**, August 12, 2021 E-mail from C. Ellis ("Please confirm that you either do not have any documents, you've withheld documents for privilege, or you will supplement your production with the requested documents as appropriate."). Counsel for the Lender followed up with the Debtor on August 16, 2021, and the Debtor finally responded on August 18, 2021 and agreed to "push for the docs, if we have them." *See* **Exhibit 6**, August 18, 2021 E-mail from M. Ralston. During the telephone conference, counsel for the Debtor made assurances that he would discuss additional document production with the Debtor.

7. On August 24, 2021, over two months after the entry of the Order Compelling Production, counsel for the Lender demanded that the Debtor give a definitive production date for the outstanding documents. *See* **Exhibit 7**, August 24, 2021 E-mail from C. Ellis ("Please give me a definite date this week by which the Debtor will produce these documents. If I don't hear

back from you by the end of the day today, I will go ahead and file a motion to compel with the Court.").

8. As of the date of this Motion, the Lender has not heard back from the Debtor regarding the outstanding document production.

## II. RELIEF REQUESTED

9. Lender respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 8** (the "Proposed Order"), finding the Debtor in contempt until it produces the remaining responsive documents requested by the Lender and requiring the Debtor to pay Lender's reasonable attorneys' fees in making and arguing this Motion.

10. The Court's contempt power "is broad and pragmatic, reaching where it must—consistent with prudent court management and due process—to prevent insults, oppression, and experimentation with disobedience of the law." *In re Bradley*, 588 F.3d 254, 265–66 (5th Cir. 2009). The party moving for a finding of contempt "need only show that a court order was in effect, the order required certain conduct by the respondent, and the respondent failed to comply with the court's order." *In re Augustus*, No. 05-83177 G37, 2007 WL 172525, at *2 (Bankr. S.D. Tex. Jan. 18, 2007) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163 (5th Cir. 1995)).

11. Here, all three findings are clearly established. This Court's order granting the Motion to Compel is in effect. *See* Dkt. 22. The order required the Debtor to "serve its responses… on or before Friday, June 11, 2021." *Id*. The Debtor failed to produce all responsive documents. *See* Exhibit 5. Therefore, the Debtor should be held in contempt until it fully responds to the 2004 Requests.

12. Even if the Debtor were not directly violating an order of this Court, the Debtor has a statutory duty to "furnish such information concerning the estate and the estate's administration

-4-

as requested by a party in interest." 11 U.S.C. § 704.; *see also* 11 U.S.C. § 1107(a); 11 U.S.C. § 1106(a)(1). As this Court said in another World Class case:

> A lender should never have to file a motion to compel. A lender should never have to serve a discovery request. You have a statutory duty to provide information when requested by a party in interest. You see the thing as a one-way street where the lender has to give up everything and you can stonewall. You can't. We shouldn't even be here… [A]ll those lenders or unsecured creditors or U.S. Trustee… all they need to do is send you an email and you have a statutory duty to provide whatever they've requested, assuming it has to do with the Debtor.

December 16, 2020 Hearing Transcript, *In re WC 4th and Colorado, LP* (Case No. 20-10881-tmd), at 3:2-8, 3:24-4:2.

13. In this Court's Order entered after the above-referenced hearing, this Court denied Colorado Third Street, LLC's request for attorney's fees "for lack of prior notice," but warned the Debtor "and its affiliates… that any such further request will be given due consideration." Order Granting Motion to Compel, *In re WC 4th and Colorado, LP* (Case No. 20-10881-tmd), Docket No. 143 at 2. The Debtor's control person and counsel have thus been on notice of a debtor's statutory duty to provide information to parties of interest for nearly nine months. Consequently, this Court should find the Debtor in contempt until it supplements its response to the 2004 Requests by producing all remaining responsive documents, and require the Debtor to pay the Lender's attorneys' fees incurred in connection with this Motion.

14. Further, this Court already awarded Lender attorneys' fees in its Order Compelling Production. As Debtor continues to ignore its duties and the Court's explicit orders, attorneys' fees, while sought here, seem insufficient to coerce Debtor to comply with this Court's orders, and Lender requests additional remedies as the Court determines are appropriate.

-6-

## III. PRAYER

WHEREFORE, the Lender respectfully requests that the Court enter the Proposed Order granting this Motion and grant Lender such other relief as the Court deems just.

Respectfully submitted,

**BRACEWELL LLP**

By: */s/ Jason G. Cohen*
Jason G. Cohen
Texas Bar No. 24050435
Christopher L. Dodson
Texas Bar No. 24050519
Caroline W. Ellis
Texas Bar No. 24116322
jason.cohen@bracewell.com
chris.dodson@bracewell.com
caroline.w.ellis@bracewell.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

**COUNSEL FOR TIMBER CULEBRA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 25, 2021, a true and correct copy of the forgoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case, including:

DEBTOR'S COUNSEL
Fishman Jackson Ronquillo PLLC
Mark H. Ralston
mralston@fjrpllc.com
13155 Noel Road
Suite 700
Dallas, TX 75240

UNITED STATES TRUSTEE
Henry G. Hobbs, Jr.
Deborah A. Bynum (USTP)
Deborah.A.Bynum@usdoj.gov
903 San Jacinto Blvd., Suite 230
Austin, TX 78701

                                                */s/ Jason G. Cohen*
                                                  Jason G. Cohen

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1), made applicable by Federal Rules of Bankruptcy Procedure 9014 and 7037, the undersigned counsel for Lender certifies that she provided counsel for Debtor with the 2004 Requests on May 7, 2021. Counsel conferred by email and phone on May 14, May 17, and May 19 regarding the date for production of the document requests. Counsel for Lender requested additional documents on July 13, August 3, August 12, and August 16. Counsel conferred on August 18 regarding the outstanding documents. Counsel for Lender again requested the additional documents on August 24.

                                                */s/ Caroline W. Ellis*
                                                Caroline W. Ellis