IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In Re:<br><br>WC CULEBRA CROSSING SA, LP<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10360 (TMD) |

**TIMBER CULEBRA, LLC'S RESPONSE TO DEBTOR'S MOTION
TO COMPEL RULE 2004 DOCUMENT PRODUCTION**

Timber Culebra, LLC ("Lender"), as lender to the above-captioned debtor and debtor in possession (the "Debtor"), files this response (this "Response") to the Debtor's *Motion to Compel Rule 2004 Document Production* [Dkt. 84] (the "Motion to Compel") and respectfully states as follows:

1. On May 18, Debtor served the 2004 Requests (as defined in the Motion to Compel) on the Lender. Lender timely produced documents to the Debtor in response to the 2004 Requests. Debtor first notified the Lender of perceived deficiencies in its production on August 27. *See* **Exhibit 1**, August 27 Email from M. Ralston with Attachments. The Debtor claimed, as it claims again, that the Lender "failed to produce any documents that were responsive to 17 of the total 39 requests." *See* Dkt. 84 ¶ 3. As the Lender promptly explained to the Debtor on August 30, the Lender had, in fact, produced documents responsive to request nos. 4, 23, and 26 and has no documents responsive to request nos. 8, 10, 11, 29, 30, 33, 34, and 38. *See* **Exhibit 2**, August 30 Email from C. Ellis with Attachments, at 7-10. Additionally, the Debtor claimed "deficiencies" in the production with respect to several requests (RFPs 24-27, 30, 31, and 34-39) that the Lender had asserted objections to in the initial conference between the parties. *See id* at 1, 5. These

#8136972

requests generally involved issues relating to affiliates of the Lender or the Debtor or the Debtor's guarantors, none of which come within the scope of a 2004 examination. *See id*; Dkt. 84-1.

2. On August 30, Lender provided the Debtor with supplemental production, which it believed addressed all of the claimed deficiencies in the initial production. *See* Exhibit 2 at 1. Then, on Friday, September 10, the Debtor requested production of the following documents by Wednesday, September 15 (the day of the hearing on the Debtor's Disclosure Statement):

(a) Unredacted copies of all check registers and other financials with information responsive to RFP 12;

(b) Attorney's Fees Schedule (RFP 15-16);

(c) Lender communications with tenants since first production (RFP 21) and vendors (RFP 32); and

(d) Confirmation that Lender has no non-privileged documents in its possession, custody, or control that are responsive to RFP 26/27 and 35.

*See* Dkt. 84-4 at 1.

3. On Tuesday, September 14, the Debtor and the Lender began engaging in extensive settlement talks, and all focus shifted wholly to the mutual resolution of this Bankruptcy Case. These discussions between the Lender and the Debtor continued through the end of the week. Lender and its attorneys worked extensively to get what it believes to be an agreeable offer for settlement of this Bankruptcy Case to the Debtor on September 21. Debtor has not yet responded to this offer.

4. Then, on September 23 at 10:00 p.m., without any attempt to confer or any notice to the Lender's counsel, the Debtor filed the Motion to Compel. Debtor now claims, for the first time in some cases, that the Lender's production is "incomplete with respect to requests 4, 12, 15, 16, 21, 32, and 35." Dkt. 84 ¶ 6. This is the first time Lender has heard of any claimed deficiencies with respect to request no. 4, and notably none were asserted in the Motion to Compel, aside from

- 2 -

the blanket statement that the Lender's production was incomplete with respect to this request. The Lender produced documents responsive to request no. 4 in both the initial and supplemental productions. *See* Exhibit 2 at 7 ("Riley to produce Ownership Trust Agreements, see TIMBER 4716 – Culebra Beneficial Ownership"); *id.* at 3 (showing that Ownership Trust Agreements were produced).

5. As for request no. 35, the Debtor itself put in its log of claimed deficiencies that TIMBER 4082-5059, produced by the Lender in June, are responsive to this request and the only request the Lender received for additional production on this number was to confirm that it has "no non-privileged documents in its possession, custody, or control." *See* Dkt. 84-4 at 1; *see also* Exhibit 2 at 10 (listing TIMBER 4082-5059 as documents responsive to RFP 35). Lender does not understand the purpose of this request given the prior correspondence between the parties, but can confirm that it does have non-privileged documents in its possession, custody, or control responsive to request no. 35, and it produced such documents in June.

6. The remaining requests involve documents that need to be created by the Lender (the attorneys' fee schedule), documents that have already been produced that the Debtor seeks unredacted versions of (check register), and postpetition documents that did not exist at the time the 2004 Requests were served (communications with tenants and vendors). These supplemental requests were outstanding for only thirteen days (most of which were spent engaging in settlement talks) at the time the Debtor filed the Motion to Compel and, as of the filing of this Response, have all been satisfied. *See* **Exhibit 3**, September 27 Email from C. Ellis.

7. The Debtor's haste to bring this matter in front of the Court rather than offering Lender the professional courtesy that Lender has exercised in all of its dealings with the Debtor[1]

---

[1] Debtor was given prior notice and a drop-dead production deadline for Lender's motion to compel supplemental document production from the Debtor. *See* Dkt. 51-5 (initial notice on August 12); Dkt. 51-6 (follow up on August

- 4 -

should not be rewarded with attorneys' fees. Further, the Debtor should not be rewarded with attorneys' fees while it is still in contempt of this Court's order compelling document production entered in June, as the Lender and the US Trustee have still not received a number of documents that both parties have been requesting from the Debtor for months.[2] *See* **Exhibit 4**, September 13 Email from M. Ralston (promising to supplement production); **Exhibit 5**, September 24 Email from D. Bynum (noting that she had not received several documents requested at the 341 in June); *see also* Dkt. 22, Order Compelling Document Production; Dkt. 61, Order Granting Motion for Contempt.

---

16); Dkt. 51-7 (follow up on August 24, asking for Debtor to provide a definitive date on which documents could be produced by COB to avoid Lender filing a motion with the Court). Notably, the Debtor also failed to file a Motion to Expedite consideration of the Motion to Compel, as required by Local Rule 9014(e), and failed to copy the Lender on any correspondence with the Court in setting the hearing. Ex parte communications with the Court are prohibited pursuant to Rule 9003(a) and by the Court's own procedures. *See* https://www.txwb.uscourts.gov/communicate-chambers-email-copied-affected-parties.

[2] Additionally, as of September 23, the Lender is in receipt of multiple communications between Nate Paul and the Debtor's tax lender, CC2 TX, LLC, which the Debtor failed to produce. As a result, Lender is concerned that Debtor may be withholding additional documents that were not previously subject to its Motion for Contempt. *See* Dkt. 51.

- 5 -

WHEREFORE Lender respectfully requests that the Motion to Compel be DENIED and the Lender be granted all other relief, in law or in equity, that it may be entitled to.

        Respectfully Submitted,

**BRACEWELL LLP**

By: */s/ Caroline W. Ellis*
    Jason G. Cohen
    Texas Bar No. 24050435
    Jason.Cohen@bracewell.com
    Christopher L. Dodson
    Texas Bar No. 24050519
    Chris.Dodson@bracewell.com
    Caroline W. Ellis
    Texas Bar No. 24116322
    Caroline.W.Ellis@bracewell.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 223-2300
    Facsimile: (713) 221-1212

**COUNSEL FOR TIMBER CULEBRA, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 27, 2021, a true and correct copy of the forgoing document was electronically filed with the Court and served through the CM-ECF system to all parties on the Master Service List attached hereto as **Exhibit 6**.

/s/ *Caroline W. Ellis*
Caroline W. Ellis

#8136972

#8136972